## FULLER & al. vs. PRATT & al.

At the time of the conveyance of a parcel of land, the grantee gave the grantor an instrument in writing and under seal, providing for the reconveyance of the land, *or* the payment of a sum of money, at the option of the obligor. — *Held,* that the obligation was not such an instrument of defeasance, as taken in conjunction with the deed, would constitute *a mortgage.*

But if it were a defeasance, it could not operate as such, while *unrecorded,* against any person but the original party to it or his heirs.

THIS was a writ of entry, wherein was demanded three lots of land, Nos. 10, 11 and 12, in the town of *Weld.* The demandants counted upon the seizin of their ancestor, *Samuel Rawson,* and a disseizin done by the tenants. In support of the action the demandants read a deed conveying the demanded premises, from *Jonathan Pratt,* one of the defendants, to *Joseph Holland* and *Joseph Holland, Jr.* dated *April* 11, 1821, and recorded the 13th of the same month, — consideration expressed $1200 — and derived title thereto by due conveyance to their ancestor.

The defendants offered in evidence, the following instrument in writing and under seal, *viz.*:

" *Canton, April* 11, 1821.

" This day received a deed of *Jonathan Pratt,* of three lots
" of land in the town of *Weld, viz.*: numbers 10, 11 and 12,
" in the 2d range, for and in consideration of the sum of $1200,
" paid by our recognizance and by other demands which we
" have against him — but if on final settlement there be any
" balance due him, we agree to pay the balance, or give him a
" deed back of the same by paying us for what we have paid
" and our trouble — and further agree that we will return all
" the property the above said land shall fetch besides paying us
" what we have paid and have to pay. — Said *Pratt* is to im-
" prove our said place the present year.

  " Signed in presence of *Joseph Holland,* [L. S.]
   " *Gideon Ellis.*  *Joseph Holland, Jr.* [L. S.]"

Fuller & al. *v.* Pratt & al.

The defendants also offered to prove that the conditions of the foregoing obligation were performed on their part, — that the *Hollands* were not damnified on the recognizance named, — and that there were no demands then existing other than the liability on the recognizance — contending that the instrument offered by them was a defeasance of the deed and constituted a mortgage.

But *Weston J.* who tried the cause, ruled that said instrument was not thus to be regarded. Thereupon the defendants became defaulted, it being agreed that if the whole Court should be of opinion that the deed and instrument together constituted a mortgage, the default was to be taken off, and the action stand for trial, otherwise judgment was to be rendered thereon. ·

*N. Emery* and *Fessenden & Deblois,* for the· defendants, contended that the instrument offered in the defence, and the deed taken together, constituted a mortgage. The bond was a defeasance, being made at the same time with the deed, being under seal, and providing for the reconveyance of the property. The defendants should therefore have been permitted to prove that the debt secured by the mortgage had been paid, and that all the conditions had been performed. *Blaney v. Bearce,* 2 *Greenl.* 132 ; *Harrison & al. v. Trustees of Phillips' Academy,* 12 *Mass.* 456 ; *Erskine v. Townsend,* 2 *Mass.* 493 ; *Kelleran v. Brown,* 4 *Mass.* 443 ; *Taylor v. Weld,* 5 *Mass.* 109.

2. The fact that the writing of defeasance was not recorded until *April,* 1832, does not destroy its validity as a defeasance, while in the hands or possession of the original party to the bond. *Stat. of* 1821, *ch.* 36. The operation of this statute *is* intentionally confined to bonds of defeasance, *when assigned* by those to whom they were originally given, unless recorded in the registry of deeds at large. It does not apply where the bond remains in the possession of the *original obligee.*

The object of the statute in requiring a registry of the bond under any circumstances is to *give notice.* That object was answered in this case without any record of the bond, inasmuch as the defendants were in *possession of the land,* which was equivalent to a registry. *Holbrook v. Finney,* 4 *Mass.*

566 ; *Peterson v. Clark*, 15 *Johns. R.* 205 ; *Rice v. Rice*, 4 *Pick.* 349 ; *Webster v. Maddox*, 6 *Greenl.* 256 ; *Kent & al. v. Plummer*, 7 *Greenl.* 464 ; *Porter v. Cole*, 4 *Greenl.* 20 ; *Worcester v. Eaton*, 13 . *Mass.* 371 ; *Chute v. Robinson*, 2 *Johns. R.* 595 ; *Tothill v. Dubois*, 4 *Johns. R.* 216.

*Longfellow* and *Carter*, for the plaintiffs.

1. The bond is not a *defeasance* because it is in the alternative to *pay money* or *reconvey*. 1 *Dane's Abr. ch.* 1, *art.* 7 ; 5 *Dane's Abr. ch.* 144, *art.* 10.

It is besides apparent on the face of the instrument, that the parties did not intend it as a defeasance, as *a sale* by the obligors is contemplated, and an appropriation made of the proceeds in that event.

2. But if it be a defeasance, it cannot avail the defendants anything in this action, not having been recorded pursuant to the provisions of *stat. of* 1821, *chap.* 36, *sec.* 3 ; 4 *Kent's Com.* 135 ; *Harrison & al. v. The Trustees of Phillips' Academy*, 12 *Mass.* 456 ; *Newhall v. Burt*, 7 *Pick.* 159.

To the point that the defendants' possession was equivalent to registry, they replied that there was no *adverse* possession by the defendants. If the transaction was a mortgage as contended for by defendants, then their possession was the possession of the mortgagee. At all events, the bond itself shows that the possession of the defendants was in subjection to the original grantee's title.

The opinion of the Court was delivered by

MELLEN C. J. — Two objections have been urged against the sufficiency of the defence on which the tenants rely, and we are of opinion that they are both well founded. The contract which the tenants have considered as a defeasance to their deed of the same date, certainly is not such an instrument ; as by the terms of it, the *Messrs. Holland* were not bound to reconvey the land to the tenants ; they had the election to reconvey it, or to pay to the tenants any balance which might be due to them on a settlement between the parties. The fee of the land was absolute in the *Hollands*, if they elected so to consid-

er it ; and by the report it appears that they did so elect, because they conveyed the fee, which was afterwards conveyed to the demandant's ancestor.   Prior to such conveyance by the *Hollands*, no bill in equity could have been maintained against them by *Pratt*, because they were not bound to convey the land, but might discharge themselves from their contract by payment in money of the balance that should be due ; and for the same reason, such contract created no right which could have been attached and sold for payment of *Pratt's* debts.   By the report, it appears, that the agreement was not recorded till more than ten years after its date, and after the premises were conveyed to the ancestor, *Samuel Rawson ;* according to the 3d section of *ch.* 36, of the revised statutes, the bond, while unrecorded, could not operate as a defeasance against any person, but the original party to such bond or contract, or his heirs. So that if the contract had been a perfect defeasance as against the *Hollands*, still, it could not have operated as such against *Rawson.*   The decision of the presiding Judge was perfectly correct.   Whatever remedy *Pratt* has, must be by an action at common law, on the contract, to recover such sum of money as may be due to him.

*The default must stand, and judgment be entered thereon.*